# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 08-60039
Summary Calendar

MAGUERITE JEAN-BAPTISTE

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 956 154

Before SMITH, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Maguerite Jean-Baptiste seeks review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the Immigration Judge's (IJ) denial of her application for asylum and withholding of removal.

Jean-Baptiste argues that the BIA erred in upholding the IJ's determination that her testimony was not credible and denial of her asylum application for lack of corroborating evidence. Under 8 U.S.C. § 1158(b)(1)(B)(iii), the IJ was authorized, in light of the totality of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

circumstances, to base a credibility determination on the inconsistency between Jean-Baptiste's testimony and her prior statements. The record supports, and does not compel a conclusion contrary to, the determination that Jean-Baptiste's testimony was not credible and that Jean-Baptiste should have provided available evidence corroborating her otherwise credible testimony about her arrival in and life in the United States. See 8 U.S.C. § 1252(b)(4); Chen v. Gonzales, 470 F.3d 1131, 1134 (5th Cir. 2006). Because the IJ found that her testimony was not credible, Jean-Baptiste's uncorroborated testimony was insufficient to sustain her burden of proving her eligibility for asylum. See § 1158(b)(1)(B)(i), (ii).

Jean-Baptiste argues that she established that she was persecuted or had a well-founded fear of persecution on account of, or at least in part on account of, an imputed political opinion. Because she did not raise this issue before the BIA, we lack jurisdiction to consider it. See 8 U.S.C. § 1252(d)(1); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001).

In her petition for review, Jean-Baptiste has not raised, and thus has abandoned, any argument challenging the denial of her application for withholding of removal, the determination that the harm she suffered constituted persecution, and the determination that she failed to establish that being a family member of someone who had disappeared is one of the protected grounds. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

Accordingly, Jean-Baptiste's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jurisdiction.